UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEYMON LEWIS, JR.

    Petitioner,

v.

FELICIA PONCE,

    Respondent.

No. 2:16-cv-01578 JAM GGH

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2241 based upon his claim of actual innocence, and he further invokes the "escape hatch" in section 2255 in support of his claim. ECF No. 1. Respondent has filed a motion to dismiss based on a lack of jurisdiction. ECF No. 22.

*INTRODUCTION AND BACKGROUND*

*Factual Background*

According to Respondent's Motion to Dismiss, with which petitioner has raised no argument, the precharging course of events as follows:

> On November 7, 2008, police officers in Portland, Oregon, were patrolling outside a bar known to be a hotbed of drug and gang activity.[1] They saw a blue Ford Taurus turn sharply into the bar's parking lot, but they did not see the car signal prior to the turn. . .

---

[1] Record citations found in this narrative are omitted insofar as petitioner does not dispute the accuracy of the statements.

1

> The officers made a traffic stop based on this turn-signal violation, which they believed violated Oregon Revised Statute section 811.335 (failure to signal continuously for not less than 100 feet before turning). . . . During the stop, Petitioner (the driver and sole occupant of the vehicle) admitted that he didn't have a driver's license. . . . A record check run at the scene confirmed that his license was suspended. . . .
>
> Because Petitioner's license was suspended, Portland Police Bureau policy required officers to tow the vehicle and inventory its contents. . . . Police found six individually-wrapped bindles of cocaine base during the ensuring [sic] inventory search. . . . Petitioner also had $452 in cash on his person. . . . Officers issued Petitioner a citation for two separate traffic violations: (1) driving after suspension; and (2) the turn-signal violation. . . . The citation was later dismissed when one of the officers failed to appear at the state court hearing. . . .

Petitioner was indicted for Possession with Intent to Distribute a Controlled Substance on December 10, 2008. Respondent's Exhibit 1 (Criminal Docket, United States District Court of Oregon, Portland).[2] According to the Court Docket, the indictment of petition was filed December 10, 2008, <u>id.</u> at 1, and he first appeared on December 29, 2001. <u>Id.</u> at 3. The language of the original indictment is important to the resolution of this petition. The copy of the indictment found in Exhibit 5, charges one count for, by title, "Possession with Intent to Distribute a Controlled Substance," but in the body of the document the following language appears: "On or about November 7, 2008, in the District of Oregon, the defendant, SEYMON LEWIS, JR., defendant herein, *did knowingly and intentionally distribute five (5) grams or more*" of a "*substance containing a detectable amount of cocaine base in the form of 'crack, . . .*". (Emphasis added.) Thus the title and the body of the document do not coincide. This fact is central to petitioner's claim of actual innocence as will become clear.

On October 14, 2009, a Superseding Indictment was filed. Exhibit 8. This indictment again charged only one count titled "Possession with Intent to Distribute a Controlled Substance," and the body of Count 1 restated that charge of "knowingly and intentionally possess[ing] with the intent to distribute" a substance containing the aforementioned amount of crack found in the original indictment.

---

[2] All references to Exhibits will be to those provided by the Respondent as attachments to her Memorandum in Support of her Motion unless otherwise indicated. All of the exhibits, being documents generated or received and placed in the record by the Oregon District Court are subject to judicial notice under Federal Rule of Evidence 201(b).

On November 18, 2009, petitioner filed a Petition to Enter Plea of Guilty" and in this Motion he pleaded to "knowingly and intentionally *possess[ing] with intent to distribute more than 5 grams of crack cocaine."* Exhibit 9 at 4. Petitioner stated he understood that his plea exposed him to a sentence of up to 20 years in prison plus forfeiture Id. Petitioner signed this document on November 18, 2009. Id. at 7. This action took place approximately two months after petitioner filed a September 15, 2009 Motion to Suppress that could have led to his release if granted, Exhibit 1 at ECF 25. That motion was, however, denied after hearing on October 6, 2009. Id. at ECF No. 27. The superseding indictment was filed on October 14, 2009, id. at ECF No. 28, and trial preparation began and continued until the first day of trial, November 16, 2009. Id. at ECF No. 53. The trial was arrested on its second day, November 18, 2009, after some witnesses were presented and some evidence entered into the record, when a time was set for entry of a plea later in the day. Id. at ECF No. 55. At the hearing that day, the Plea Petition and Plea Agreement signed by petitioner were presented, petitioner was found competent to enter his plea which was found to be knowing and voluntary, and the jury was excused. Id. at ECF No. 56. Petitioner was sentenced by the Court to 8 years incarceration in a judgment entered on February 5, 2010. Id. at ECF No. 63. A transcript of the hearing on petitioner's plea, which was held on January 29, 2010, id. at 62, was entered into the record on March 15, 2012. Id. at ECF No. 66.

Petitioner participated in several efforts to alter the foregoing outcome including:

1. A motion to reduce his sentence filed on November 15, 2012, id. at ECF No. 69, which was denied after hearing on December 17, 2012. Id. at ECF No. 77. The court later recounted that the ground for the denial was that Federal Rule of Civil Procedure 60(b), pursuant to which the Motion was filed, did not offer an avenue of relief from his final judgment. Id. at ECF No. 96, dated June 5, 2013.

2. A motion to vacate or correct the judgment under 28 U.S.C. section 2255 was filed on November 15, 2012, ECF No. 69,[3] and denied at hearing on December 17, 2012. Id. at ECF No. 77.

---

[3] That this motion was brought under section 2255 is not explicitly stated until court minutes of a hearing held on December 17, 2012, so indicate. Id. at ECF No. 77.

3

3. These denials of relief were appealed to the Ninth Circuit Court of Appeals on April 29, 2013. Id. at ECF No. 91. The court docket reflects that the appeal was dismissed by the Circuit Court, a certificate of appealability was denied, and all other pending motions were denied as moot on September 4, 2013. Id. at ECF No. 99. The mandate of the court with regard to this and an additional motion pursuant to 28 U.S.C. section 2105 for dismissal of the indictment on the grounds of double jeopardy stemming from a prior state proceeding was also included. Id. at ECF No. 100.

*DISCUSSION*

*Applicability of section 2241 to this case*

Generally a motion pursuant to section 2255 is the appropriate vehicle by which to challenge a conviction, which is what petitioner is attempting to do. Tripati v. Herman, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied* 488 U.S. 982 (1988) *citing,* inter alia, 28 U.S.C. section 2255. See also Lorentsen v. Hood, 223 F.3ed 950, 953 (9th Cir. 2000)("[i]n general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention") *citing* United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997 ("holding that, in general, '[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241").

Importantly, the remedies pursuant to section 2255 are not inadequate simply because the claim would be dismissed under section 2255 for procedural reasons. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999). Of critical importance here, however, is that only a sentencing court has jurisdiction under a section 2255 motion. Tripati 843 F.2d at 1163.[4] If the motion is construed as a motion under section 2255, only the District of Oregon has jurisdiction. If the petition is correctly brought under section 2241, to attack the execution of a sentence a opposed to its legality, the district of incarceration – the Eastern District of California – is the proper place to bring the action. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

Despite petitioner's arguments it is clear that he is attempting to invalidate his conviction

---

[4] Because a section 2255 motion may be brought only in the sentencing court, the Tripati court determined that the District Court dismissal for lack of jurisdiction was proper.

4

which is, at least initially, a section 2255 matter.  The real issue becomes whether the "savings clause" found in section 2255(e) is applicable.  The savings clause only applies in a situation where "it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" thereby permitting petitioner to proceed by way of a section 2241 petition.  If petitioner makes this showing then the district in which petitioner is incarcerated would be the proper place for him to bring a habeas petition.

The application of the savings clause has been applied in only a few instances.  "We have held that a motion meets the escape hatch criteria of section 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."  Stephens v. Herrera, 464 F.3d 894, 898 (9th Cir. 2006); Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008).  In Stephens, jury instructions which became arguably errant after a Supreme Court decision were an insufficient basis for an actual innocence claim.  In Harrison, a clarifying decision by the Supreme Court, although arguably favorable to petitioner insofar as his conduct would not have implicated a federal crime, was filed after petitioner had filed several previous section 2255 motions and was held not to satisfy the procedural impediment hurdle because petitioner could have raised the claim regardless of the decision at issue.  But see Alaimalo v. United States, 645 F.3d 1042 (9th Cir. 2011).

Here, petition claims access to section 2241, and thus jurisdiction in this court, on the ground that he was actually innocent insofar as he was initially indicted for distribution of drugs but pleaded to and was convicted for possession of drugs with the intent to distribute – two different crimes.  Were this claim factually correct, petitioner could have his petition addressed in this court on the merits.  Unfortunately, this argument appears to rest on a misreading of the indictments issued by the grand jury pursuant to which he was tried and convicted.

*Applicability of the Savings Clause of section 2255*

As stated above, the original indictment was titled: "COUNT 1 (Possession with Intent to Distribute a Controlled Substance," but the crime referred to in the body of the document is that he "did knowingly and intentionally distribute five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base in the form of "crack," a Schedule II controlled

5

Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii)." Section 841(a)(1) identifies the act prohibited as one "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance; . . ." while section (b)(1)(B)(iii) speaks to the amount of controlled substance subject to the code section. Thus it is clear that the original indictment is flawed. Petitioner focuses on this flaw and the fact that he pleaded to the title offense, but not the descriptive offense in the body of the indictment. Thus he argues that he was actually innocent of the descriptive offense and his incarceration for that descriptive offensive results in a substantive federal Constitutional violation that entitles him to habeas relief. However, before petitioner filed his Petition to Enter Plea on November 18, 2009, ECF No. 22-1 at 71(Exhibit 9), and signed the Executed Plea Agreement on the same date, id. at 81 (Exhibit 10), a Superseding Indictment was filed with the Oregon Court on October 14, 2009. ECF No. 22-1 at 69. This Superseding Indictment correcting the prior error by titling Count 1 "Possession with Intent to Distribute a Controlled Substance," and describing the substance of the grand jury finding as petitioner "did *knowingly and intentionally possess with the intent to distribute"* cocaine base in the form of crack. ECF No. 22-1 at 69.

Finally, the Plea Agreement petitioner signed on November 18, 2009, expressly refers to the *Superseding*, not the *original*, Indictment. That plea agreement includes an express waiver of appeal and post-conviction relief with three very narrow exceptions,[5] as well as any collateral attack *including a motion under 28 U.S.C. section 2255*, except ineffective assistance of counsel and the grounds found in Federal Rule of Criminal Procedure 33[6] and 18 U.S.C. section 3582(c)(2),[7] neither of which are implicated in petitioner's case.[8]

---

[5] Those exceptions are (1) the sentence imposed exceeds the statutory maximum, (2) the Court applied an upward departure under the Guidelines, or (3) the Court exercised its discretion to impose a sentence that exceeded the advisory guidelines sentencing range.

[6] This Rule relates to the motions for new trial which must be filed within three years after the verdict.

[7] This statute permits modification of a term of imprisonment when a sentencing statute has lowered the range of the term of imprisonment for the crime convicted of.

[8] Secondarily it is important to note that this purported anomaly was apparent on the date of sentencing, and thus cannot be the basis for a claim of "newly discovered evidence" as petitioner attempts to make it.

6

*CONCLUSION*

Based on the factual circumstances of this case, petitioner has not either requirement to seek redress pursuant to the section 2255 savings clause, i.e., he has not accurately colorably alleged actual innocence. Nor has he demonstrated the absence of an unobstructed procedural shot at presenting that claim. He does not, therefore qualify for the savings clause and this court has no jurisdiction over his petition. Although the court could merely transfer the action to the District of Oregon Court where he was convicted, this action would not cure the futility of petitioner's argument and would merely escalate fruitless legal efforts costly both to the respondent and the court.

In light of the foregoing IT IS THEREFORE RECOMMENDED THAT:

1. The petition be dismissed for lack of jurisdiction;
2. The Clerk of the Court should close the case;
3. No Certificate of Appealability should be granted.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 C.2d 1153 (9th Cir. 1991).

Dated: June 8, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE