UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYMON LEWIS. Jr.,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>FELICIA PONCE,<br><br>　　　　　Respondent. | No. 2:16-cv-1578 JAM GGH<br><br>FINDINGS AND RECOMMENDATIONS; ORDER |

Petitioner has filed his second appeal in this case. The Ninth Circuit has requested that the district court determine whether a Certificate of Appealability (COA) should issue for this second appeal. For the following reasons, no COA should issue. The undersigned also recommends *sua sponte* that petitioner's *third* Motion to Amend the Judgment, filed after the second appeal, be denied. The undersigned further recommends that petitioner not be permitted to file any more motions/petitions in this district court.

The petition in this case, brought pursuant to 28 U.S.C. section 2241, asserted a claim of actual innocence on petitioner's contention that an inconsistency between the title of Count 1 to which he pled guilty varied from the text of Count 1. Without repeating the analysis of the threshold jurisdictional issue, Findings and Recommendations were issued finding a lack of

1

jurisdiction in this case for what was actually a repeat of that 28 U.S.C. section 2255 petition made in the Oregon district of conviction. ECF No. 28. The Motion herein did not implicate actual innocence. The District Judge adopted these Findings, ECF No. 30, and the petition was dismissed without prejudice.

Petitioner thereafter filed a Notice of Appeal and Motion to Amend the Judgment on the same day. The Motion to Amend the Judgment was petitioner's attempt to persuade the district court that it had erred in the jurisdictional issue. The Ninth Circuit held its appeal in abeyance pending a determination by the district court on the Motion to Amend the Judgment. In ECF No. 38, the District Judge denied the Motion to Amend in a minute order. Later, the Ninth Circuit determined that no COA should issue for the appeal, ECF No. 39.

Undeterred, petitioner filed a second Motion to Amend the Judgment, and shortly thereafter a Motion to Recuse the District Judge, both of which were denied by the District Judge in another minute order, ECF No. 43. Thereafter, petitioner appealed this ruling which occasioned the Ninth Circuit to issue its present request herein that the district court determine whether a COA should issue. However, as he had done previously, on the same day of filing his Notice of Appeal, petitioner or movant filed yet a *third* Request to Amend the Judgment. ECF No. 44. The third Motion to Amend the Judgment was based on petitioner's perception that "Judge Mendez [had] found 'constructive amendment.'" The Minute Order at issue, ECF No. 43, contains no such term or discussion.

The standard for issuing a COA, set forth by the Ninth Circuit in this case previously with respect to the first appeal, is whether "jurists of reason would find it debatable whether the [disguised section 2255 motion] states a valid claim for the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." ECF No. 39. Petitioner's belief that the district court got it wrong in its initial ruling goes no distance in satisfying the COA standard, as the Ninth Circuit, by denying the first appeal, previously held that no COA should issue. Nothing has changed for petitioner's second appeal. No COA should issue.

Rather than have the Ninth Circuit hold the second appeal in abeyance, as it did for the

first appeal, based on the pendency of a motion to amend the judgment in the district court, the undersigned recommends that the third Motion to Amend the Judgment be denied. Again, Judge Mendez made no "constructive amendment" finding on the second motion as petitioner has asserted, and the undersigned did not participate in the ruling on the second motion. To the extent that petitioner is attempting to refer back to the very initial rulings and appeal, law of the case requires that the repetitive third Motion to Amend the Judgment be denied.

Petitioner pled guilty in the District of Oregon to the Count which he so strenuously asserts is a crime to which he could not have pled guilty due to discrepancies in the wording of the indictment of conviction. Petitioner lost this argument on appeal after his conviction, and in a Section 2255 motion brought afterwards in Oregon. He made a Section 2241 petition in this court which was dismissed for lack of jurisdiction. He sought to have the district court rule ahead of his appeal of the dismissal of his Section 2241 petition herein, by making the first Motion to Amend the Judgment which was denied. The Ninth Circuit thereafter denied his appeal. Petitioner's second Motion to Amend the Judgment was denied, and is the subject of the present appeal. Petitioner has filed a third Motion to Amend the Judgment which is recommended to be denied. Enough. The undersigned recommends that the Clerk be ordered to accept no further of petitioner's filings in this case.

*CONCLUSION*

IT IS HEREBY ORDERED that the Findings and Recommendations, ECF 49, referencing the second Motion to Amend the Judgment are vacated as unnecessary; see ECF 43.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. No COA issue for the second appeal;

2. The undersigned recommends *sua sponte* that petitioner's *third* Motion to Amend the Judgment filed after the second appeal be denied.

3. The undersigned further recommends that petitioner not be permitted to file any more motions/petitions in this Eastern District of California court either in this case or in any other case he files in this district court in which he attempts to attack his Oregon conviction.

| | |
|---|---|
| 1 | These Findings and Recommendations are submitted to the United States District Judge |
| 2 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 3 | after being served with these Findings and Recommendations, any party may file written |
| 4 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 5 | "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections |
| 6 | shall be served and filed within seven days after service of the objections. The parties are advised |
| 7 | that failure to file objections within the specified time may waive the right to appeal the District |
| 8 | Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). |
| 9 | Dated: September 17, 2018 |

/s/ Gregory G. Hollows<br>
UNITED STATES MAGISTRATE JUDGE